UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QURTIS WILLIAMS,

              Plaintiff,          Case No. 07-10999

vs.                          Denise Page Hood
                                United States District Judge

WILLIAM KELLEY, *et al.*,

                         Michael Hluchaniuk
           Defendants.      United States Magistrate Judge
                           /

## REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

**I.    PROCEDURAL HISTORY**

    Plaintiff, Qurtis Williams, is a prisoner in the custody of the State of

Michigan. (Dkt. 1). Pursuant to 42 U.S.C. § 1983, plaintiff filed a complaint

against defendants on March 12, 2007, alleging that they violated his

constitutional rights. *Id.* Plaintiff sought to proceed under the provisions of 28

U.S.C. § 1915(a), which allows a party to file a complaint without payment of

customary court fees. (Dkt. 2). On June 21, 2007, plaintiff's application to

proceed *in forma pauperis* was granted. (Dkt. 6). District Judge Denise Page

Hood referred this matter to Magistrate Judge Donald A. Scheer for all pre-trial

1

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

matters on June 14, 2007. (Dkt. 5). On January 14, 2008, this matter was reassigned to the undersigned. (Dkt. 28).

In his original complaint, plaintiff identified four defendants from the Parr Highway Correctional Facility (ATF) in Adrian Michigan: Corrections Officer W. Kelley, Assistant Resident Unit Supervisor J. Woodard, Resident Unit Manager R. Metzmaker, and Deputy Warden L. McRoberts (ATF defendants). (Dkt. 1). The ATF defendants filed a motion to dismiss the original complaint, on August 24, 2007. (Dkt. 17). Plaintiff then filed a motion for leave to file a supplemental complaint, to which the ATF defendants objected. (Dkt. 16, 18). On October 10, 2007, Magistrate Judge Scheer granted plaintiff's motion to amend because defendants had not filed a responsive pleading and dismissed the ATF defendants' original motion to dismiss as moot. (Dkt. 18, 19). The ATF defendants also appealed this order to the District Court. (Dkt. 20). Plaintiff moved to extend the time to file his amended complaint, which was granted. (Dkt. 21, 23). The ATF defendants appealed the decision to permit the extension of time. (Dkt. 24). Despite pendency of the appeals, Magistrate Judge Scheer ordered plaintiff to file his amended complaint by January 31, 2008. (Dkt. 26). Plaintiff filed his amended complaint on January 10, 2008. (Dkt. 27). On August 1, 2008, Judge Hood upheld the decisions of Magistrate Judge Scheer on appeal. (Dkt. 56).

2

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

The ATF defendants filed a motion to dismiss or for summary judgment[1] on February 11, 2008, suggesting that plaintiff's complaint failed to state a claim of constitutional dimension, that plaintiff offered no evidence of retaliatory motive, that he has shown no "actual injury" as required to establish a claim of denial of access to the courts, that there is no evidence that his transfer to another correctional facility was retaliatory, and that the ATF defendants are entitled to qualified immunity. (Dkt. 29). On March 4, 2008, plaintiff filed a 39-page response brief, accompanied by nearly 400 pages of exhibits, including various MDOC policy directives, Michigan statutes, prisoner correspondence, medical records, grievances, and misconduct reports. (Dkt. 38). After moving for, and receiving two extensions of time, the ATF defendants timely filed a reply on May 12, 2008. (Dkt. 46, 48, 51, 52, 53). Plaintiff also filed an affidavit and brief in response to the ATF defendants' reply. (Dkt. 55).

The following defendants were added through plaintiff's amended complaint: R. Newsome (Corrections Officer), Walt Sweigert (Grievance

---

[1] The motion reads in terms of summary judgment, but the supporting judgment reads in terms of a motion to dismiss. (Dkt. 29). Some arguments raised by defendants are properly treated under a Rule 12(b)(6) and some must be decided under Rule 56 because they rely on evidence outside the pleadings. The Court will address the arguments and issues under either or both standards, as appropriate.

3

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

Coordinator), Tiffani Kisor (Transfer Coordinator), Virgil Webb (Assistant Deputy Warden), Paul DeLeeuw (Assistant Deputy Warden), and Kenneth Romanowski (Warden). (Dkt. 27, 47). The new defendants also filed a motion for summary judgment on April 23, 2008. (Dkt. 47). These defendants argue that they are entitled to summary judgment because they had legitimate reasons for the actions taken against plaintiff and because there are no facts to support any retaliatory motive. *Id.* Plaintiff filed a response on May 19, 2008. (Dkt. 54).

Now that the District Court has resolved the pending appeals, this matter is ready for report and recommendation. It appears that defendants' motions to dismiss or for summary judgment can be decided without further information or arguments from the parties and, based on the submissions of the parties, the undersigned **RECOMMENDS** that defendants' motions be **GRANTED**.

## II.   STATEMENT OF FACTS

### A.   Plaintiff's Amended Complaint

In his amended complaint, plaintiff asserts that defendant Kelley disclosed personal information about him to other prisoners in an unauthorized fashion, improperly confiscated plaintiff's personal property, and retaliated against plaintiff after plaintiff filed a grievance. (Dkt. 27, ¶ 1). Plaintiff alleges that defendant Woodard, during the grievance process relating to defendant Kelley's actions, lied

4

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

for defendant Kelley and also refused to accept plaintiff's legal mail via the expedited process set forth in the MDOC policy directive. (Dkt. 27, ¶ 2). Plaintiff alleges that defendant Metzmaker failed to remedy the violations committed by defendants Kelly and Woodard and told plaintiff that he would be transferred if he continued to exercise his first amendment rights. (Dkt. 27, ¶ 3). Plaintiff alleges that defendant McRoberts failed to remedy the violations of defendants Kelley, Woodard, and Metzmaker, approved plaintiff's retaliatory transfer, which resulted in the interference with plaintiff's medical treatment. (Dkt. 27, ¶ 4). Plaintiff alleges that defendant Newsome retaliated against him by filing a false minor misconduct ticket against him. (Dkt. 27, ¶ 5).

According to plaintiff, defendant Sweigert, the grievance coordinator, retaliated against him by inappropriately interpreting Policy Directive 03.02.130 (governing prisoner grievances) and denying plaintiff's grievance; therefore, he approved or allowed the unconstitutional conduct of defendants Kelley and Newsome. (Dkt. 27, ¶ 6). Plaintiff claims that defendant Kisor, the transfer coordinator, retaliated against him by approving the transfer that interfered with his medical treatment. (Dkt. 27, ¶ 7). Plaintiff asserts that defendant Webb failed to remedy the wrongs committed by defendants Kelley, Newsome, and Woodard. (Dkt. 27, ¶ 8). According to plaintiff's amended complaint, defendant DeLeeuw,

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

an assistant deputy warden, failed to remedy the wrongful retaliatory transfer.

(Dkt. 27, ¶ 9).  Lastly, plaintiff alleges that defendant Romanowski, the warden,

failed to remedy wrongful retaliation and was grossly negligent in managing his

subordinates.  (Dkt. 27, ¶ 10).

     B.    <u>Plaintiff's Grievances</u>.

        1.    November 20, 2006 grievance; ATF06120119717I

In his grievance dated November 20, 2006, plaintiff claims that defendant

Kelley told another inmate about plaintiff's history of tickets for sexual

misconduct.  (Dkt. 29, Ex. 12).  The Step I response, prepared by defendant

Woodard, and approved by defendant Metzmaker, indicates that all prisoner

misconduct activity is "common knowledge" within the facility because under OP-

ACI 03.03.105, hearing officers must construct dockets listing all misconduct

activity.  *Id*.

In his Step II appeal, plaintiff stated that he, defendant Kelley, defendant

Woodard, and defendant Newsome all "confabulated" about plaintiff's grievance

and defendant Woodard said that plaintiff had to be "crazy to think that no one

knows about the tickets."  *Id*.  Plaintiff asserts that, in light of the comments

defendant Woodard made during Step I, he should not have been permitted to

participate in the grievance review process.  And, both defendant Woodard and

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

defendant Metzmaker deliberately misinterpreted OP-ACI 03.03.105 to "cover up" defendant Kelley's "malfeasance." *Id.* The denial was upheld at Step II by defendant McRoberts for the same reasons that it was denied at Step I. *Id.*

In his Step III appeal, plaintiff asserted that defendant Romanowski "deliberately failed to respond to his Step I grievance appeal in clear "dereliction of duty." *Id.* Plaintiff also asserts that defendant McRoberts acted deliberately indifferent toward him by not following proper procedure, which required the suspension of defendant Kelley because he admitted divulging plaintiff's "private" information to another inmate. *Id.* The Step III response concluded that the prior investigation and application of prison policy was correct and that plaintiff failed to provide any information to support any error in this determination or to corroborate his allegations. *Id.*

2.      March 13, 2007 grievance; AFT07030022827A

Plaintiff also filed a grievance on March 13, 2007, after this lawsuit was initially filed, claiming that defendant Kelley improperly wrote him a minor misconduct ticket for possessing contraband property in retaliation for filing a lawsuit. (Dkt. 38, Ex. 38-8, pp. 14-15; Dkt. 18, Ex. 2). Plaintiff also complained about the delay in processing his legal mail by defendant Woodard, his kite to defendants Romanowski and DeLeeuw regarding the legal mail issue, and that his

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

kite to the warden was improperly answered by defendant Webb, rather than the

warden himself. (Dkt. 18, Ex. 2). This grievance was rejected by defendant

Sweigert because the MDOC Policy Directive governing grievances provides that

decisions made by hearing officers and related issue are non-grievable and must be

rejected by the grievance coordinator. (Dkt. 47, Ex. 4; Dkt. 18, Ex. 2). Plaintiff

appealed to Step II on April 6, 2007, asserting retaliation for filing grievances and

the lawsuit. (Dkt. 18, Ex. 2). Defendant Webb authored the Step II response,

which upheld the Step I rejection and concluded that the officer was not harassing

plaintiff. *Id*. In his Step III appeal, plaintiff asserted that PD 03.02.130 was

incorrectly interpreted, and that there was conspiracy to harass him and deprive

him of his personal property. *Id*. According to defendant's response in opposition

to plaintiff's motion to amend, the Step III appeal was received on May 9, 2007

and no response had been issued as of September 14, 2007. (Dkt. 18, p. 5; Ex. 1).

It is unclear whether any Step III response has been issued.[2]

---

[2] Defendants have not raised exhaustion as a defense in either dispositive
motion, although this issue was raised in their response to plaintiff's motion for
leave to amend the complaint. (Dkt. 18). Given the undersigned's conclusion that
plaintiff's claims are without merit, the Court need not reach the issue of whether
exhaustion was proper.

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

3.     April 2, 2007 grievance; ATF07040027617B

Plaintiff asserts in his April 2, 2007 grievance that defendants transferred

him in retaliation for filing his grievance and lawsuit. (Dkt. 18, Ex. 3). Plaintiff's

grievance was denied because PD 05.01.140 (Prisoner Placement and Transfer)

was not violated and no retaliation occurred. *Id.* Plaintiff filed an appeal on May

8, 2007. (Dkt. 18, Ex. 3, p. 16). In the Step II response, defendant McRoberts

explained that decisions made in hearings are non-grievable issues, that staff was

unaware of any lawsuit filed by plaintiff, and that plaintiff provided no evidence

regarding any alleged due process violations. *Id.* Plaintiff filed a Step III appeal

claiming that he did not receive the proper medical clearance before being

transferred, which proves that his transfer was retaliatory. *Id.* Plaintiff also

included two typed pages detailing the history of his misconduct tickets and

grievances dating back to 2006. *Id.* at 17-18. On August 14, 2007, the Step III

response upheld the prior decisions. *Id.* at 19.

C.     Defendants' Motions to Dismiss and for Summary Judgment

1.     Privacy claim.

Plaintiff alleges that defendant Kelley told another inmate about a history of

sexual misconduct in plaintiff's file and that defendants Woodard, Metzmaker and

McRoberts failed to discipline defendant Kelley as a result. Defendants argue

9

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

that, even if true, prisoners have no privacy interest protected by the Fourth Amendment.  (Dkt. 29, citing, *Hudson v. Palmer*, 468 U.S. 517, 525-526 (1984)). And, according to defendants, there is no privacy right under the Fourteenth Amendment due process clause that protects against disclosure of one's criminal record.  (Dkt. 29, citing, *Bailey v. City of Port Huron*, 507 F.3d 364, 367 (6th Cir. 2007)).  Thus, according to defendants, plaintiff has failed to state a claim in this regard.

### 2.     Personal involvement and supervisory liability.

Defendants Woodard, Metzmaker and McRoberts argue that they as grievance respondents or reviewers, they had no personal involvement and the mere denial of a grievance is insufficient to establish unconstitutional behavior. *Id*., citing, *Coleman v. Martin*, 363 F.Supp.2d 894 (E.D. Mich. 2005); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Defendants DeLeeuw and Webb assert that plaintiff's claims of retaliation are fatally conclusory and that they had no personal involved in the alleged wrongs committed by other personnel.  (Dkt. 47, pp. 11-12).  Defendants argue that plaintiff fails to assert in his complaint that these defendants, as supervisors, failed to appropriately discharge their supervisory duties and thus, his claims must fail.  *Id*.  Moreover, the actions of defendants Kelley, Newsome and Woodard have been shown to be legitimate, and

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

thus, there could be no failure of defendants DeLeeuw and Webb to properly discharge their supervisory duties. *Id*.

Finally, defendant Romanowski asserts that plaintiff's claim that he was derelict in his duty to respond to plaintiff's grievance must fail because he is permitted, under the grievance procedure, to delegate this responsibility to a deputy warden if the warden supervises more than one institution, which defendant Romanowski does so supervise. (Dkt. 47, p. 13; Ex. 23). Thus, it was perfectly permissible for the deputy warden to respond to the grievance. *Id*. Defendant Romanowski further argues that because he did not respond to the grievance, he was unaware of the allegations and could not have failed to discharge his supervisory responsibilities in this regards. *Id*. at 14.

        3.     Access to courts.

Plaintiff claims that defendant Woodard refused to accept his "legal mail" for expedited mail service. Defendants argue that because plaintiff fails to explain or allege how this unidentified "legal mail" resulted in prejudice to his pursuit of a non-frivolous direct appeal of a criminal conviction, a habeas corpus petition, or a § 1983 action to vindicate his constitutional rights, he fails to state a claim for unconstitutional denial of access to the courts. (Dkt. 29). In order to state a viable claim for interference with access to the courts, the Supreme Court held that a

11

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

prisoner plaintiff must show that he suffered "actual injury" in a specific case. *Id.*, citing, *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The actual injury must be connected to pursuit of a non-frivolous direct appeal from a criminal conviction, a habeas corpus petition or a civil rights action under 42 U.S.C. § 1983 to vindicate "basic constitutional rights." *Id.*, quoting, *Lewis*, 518 U.S. at 355.

### 4. Retaliation

Plaintiff asserts several retaliation claims. He claims that the denial of his grievance was retaliatory, that his property was confiscated as a retaliatory measure, and that his transfer to another facility was retaliatory. Here, defendants assert that plaintiff's transfer was routine to make room for an incoming inmate. (Dkt. 29, p. 10; Ex 15, McRoberts affidavit, Att. B). Defendant Kisor admits that she coordinated plaintiff's transfer to make room for an incoming prisoner and further states that plaintiff was medically cleared by prison healthcare for the transfer. (Dkt. 47, p. 11; Ex. 20). Defendants point out that a prisoner has no right to remain in any particular prison, a transfer allegedly in response to a prisoner's protected conduct, does not state a retaliation claim. (Dkt. 29, p. 9, citing, *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995), citing, *Turner v. Safley*, 482 U.S. 78, 79 (1987) (If the transfer serves a legitimate penological purpose, no constitutional violation occurs).

12

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

Defendants argue that plaintiff's bare allegations that they denied his grievance are insufficient to state a claim for retaliation. (Dkt. 29, 47, citing, *Frazier v. Dubois*, 922 F.2d 560 (10th Cir. 1990)). Defendant asserts that the chronology of events does not suggest retaliatory motive given that plaintiff filed the grievance on November 23, 2006, and was not transferred until March 13, 2007. (Dkt. 29, p. 9). Defendants also argue that the claim against defendant Newsome – that he issued a minor misconduct ticket against plaintiff as a retaliatory measure – is both conclusory and cannot sustain a retaliation claim because it was found to be legitimate. (Dkt. 47, pp. 9-10). Plaintiff also argues that defendant Sweigert improperly rejected plaintiff's grievance. (Dkt. 47, p. 10). Defendant Kelley issued a minor misconduct ticket because he found plaintiff in possession of contraband property. *Id*. Plaintiff then filed a grievance, which defendant Sweigert rejected the grievance because under applicable MDOC policy, grievances regarding the hearing process for misconduct "shall be rejected." (Dkt. 47, p.10; Ex. 19).

        5.     Qualified Immunity.

Finally, defendants argue that, as officials or employees of the MDOC sued in their individual capacities, they "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or

13

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

constitutional rights of which a reasonable person would have known."  (Dkt. 29, p. 11, citing, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); Dkt. 47, pp. 14-16).  And, the Supreme Court has held that, prior to determining whether a right is clearly established and prior to entertaining summary judgment where qualified immunity has been asserted, a court must first determine "whether the plaintiff has asserted a violation of a constitutional right at all."  (Dkt. 29, citing, *Siegert v. Gilley*, 500 U.S. 226, 233 (1991); Dkt. 47, p. 15).  Only if the answer is affirmative must the court then decide whether the right was "clearly established."  According to defendants, because plaintiff fails to establish any violation of a constitutional right, they are entitled to qualified immunity.  (Dkt. 29, pp. 11-12; Dkt. 47, pp. 15-16).

   D.   Plaintiff's Responses

   Plaintiff's response to defendants' first dispositive motion is over 400 pages in length, inclusive of exhibits.  (Dkt. 38).  He claims that defendant Kelley's disclosure of plaintiff's sexual misconduct is not permitted by the policy requiring the posting of misconduct hearings because those postings are not accessible to prisoners.  *Id*. at 9.  Further, defendant Kelley's sole intention was to "embarrass" plaintiff.  *Id*. at 10.  Plaintiff also claims that defendant Kelley had many previous

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

opportunities to confiscate plaintiff's personal property,[3] but did not do so until after plaintiff filed a grievance against him. *Id.* at 10-11. Plaintiff claims that the confiscation of his personal property was retaliation for exercising his first amendment rights to file a grievance. *Id.* at 12.

Plaintiff claims that defendant Woodard's defense also fails because the area in which misconduct reports are posted is not accessible to prisoners. (Dkt. 38, pp. 14-15). Thus, according to plaintiff, defendant Woodard's intentional misconstruction of the policy directive and failure to remedy the wrong committed by defendant Kelley violated his constitutional rights. *Id.* at 15. Plaintiff also claims that defendant Woodard failed to accept his legal mail for expedited delivery, thus violating his right to access the courts. (Dkt. 38, pp. 17-18; Ex. 38-7, p. 43). According to plaintiff's "intramural correspondence" dated March 6, 2007, plaintiff had not received anything indicated that his mail was sent to the District Court for the Eastern District of Michigan and had "already alerted the Court's Clerk of this problem." *Id.* Plaintiff also attached a disbursement authorization dated March 2, 2007 signed by defendant Woodard, and addressed to the Clerk of this Court. *Id.*, Ex. 38-7, p. 45. Plaintiff further claims that

_____

[3] The confiscated personal property was plaintiff's chess set, which he claims to have "valued as much as his freedom, if not more." (Dkt. 38, p. 11).

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

defendant Woodard "took advantage" of plaintiff during a fact-finding hearing, which was motivated in part by retaliation. (Dkt. 38, p. 19).

Plaintiff claims that defendant Metzmaker failed to exercise her review function and ensure that there were no violations of any kind during the grievance process. (Dkt. 38, pp. 20-21). Plaintiff asserts that defendant Metzmaker threatened him with a transfer to another prison because he had "made quite a few people mad." *Id*. at 23. Plaintiff also claims that defendant Metzmaker's affidavit was not made in "good faith." *Id*. at 33. Plaintiff asserts that defendant McRoberts failed to "remedy the wrong" during the administrative grievance process and that his affidavit was made in "bad faith." (Dkt. 39, pp. 23-24, 33-34). According to plaintiff, defendant McRoberts incorrectly concluded that defendant Kelley had not placed plaintiff's life in danger. *Id*. at 24. Plaintiff also asserts that defendant McRoberts' participated in the retaliatory transfer, which was not initiated immediately after plaintiff received his sexual misconduct tickets, but rather, only after plaintiff filed a grievance. (Dkt. 38, p. 26). Plaintiff also claims that his high blood pressure, high cholesterol, and knee problems were aggravated by the transfer and he has received no medical care at the new correctional facility. *Id*. at 28-29. Plaintiff alleges that defendants failed to comply with various

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

policies and regulations applicable to their employment and behavior. (Dkt. 38, pp. 35-39).

In his response to the second motion for summary judgment, plaintiff argues that defendant Newsome improperly issued him a minor misconduct ticket for having contraband personal property, which was clearly false because his personal property receipt on transfer four days later did not reveal that he had those items. (Dkt. 54, p. 9). Plaintiff also appears to argue that defendant Kelley conducted a search of plaintiff's cell before defendant Newsome's inspection and placed certain items on plaintiff's shelf that were in his locker. Plaintiff claims this was done with the intent that plaintiff would be ticketed by defendant Kelley. *Id*. at 10. The apparent gist of plaintiff's claims are that he could have been ticketed numerous times previously for property and cell condition violations and was not. Rather, he was only ticketed after he filed a grievance against defendant Kelley. Thus, everything that happened after he filed his grievance was retaliatory. *Id*. at 10-11. Plaintiff claims that the lack of notary stamp on defendant Newsome's affidavit suggests a lack of legitimate penological interest and shows that his actions were retaliatory. *Id*. at 13.

Plaintiff also claims that defendant Sweigert's stated reason for rejecting his grievance (that it related to a hearing decision) only applies to major misconduct

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

tickets, not minor misconduct tickets. (Dkt. 54, pp. 14-15).[4] Plaintiff argues that, because his affidavit does not have a notary stamp, defendant Sweigert submitted it to the Court in bad faith. *Id*. at 16.

Plaintiff asserts that defendant Kisor must have retaliated against him by authorizing the transfer because he was not transferred after receiving the two sexual misconduct tickets. (Dkt. 54, pp. 16-17). That is, if the sexual misconduct was not serious enough to warrant transfer then he must have done something "so horrific in nature to where it is nothing short of murder." *Id*. at 17. He argues that the "routine transfer" claim is "completely absurd" and the only significant change was the "fact that plaintiff was enforcing his constitutional rights." *Id*. Plaintiff also claims that he was not medically cleared for a transfer and that a transfer of an inmate with a current "medical detail" or "special accommodation notice" may only be transferred to a facility where his medical needs will be met. *Id*.

---

[4] Although not critical to the recommendations contained herein, it is notable that plaintiff reads the grievance policy incorrectly. The grievance policy submitted by plaintiff states that certain grievances must be rejected, including grievances pertaining to decisions "made in minor misconduct hearings, including property disposition" and decisions made in hearings conducted by hearing officers of the State Office of Administrative Hearings and Rules, including property disposition, and issues directly related to the hearing process... ." (Dkt. 38; Ex. 5, pp. 1-2).

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

Plaintiff also asserts that defendant DeLeeuw's claim of ignorance regarding plaintiff's civil rights complaint is false. (Dkt. 54, p. 22). Plaintiff points to his grievance and his minor misconduct ticket as support for his contention. (Dkt. 54, p. 22; Dkt. 38, Ex. 43a, 45a). Accordingly, plaintiff claims that defendant DeLeeuw did not properly discharge his supervisory obligations. (Dkt. 54, pp. 23-24).

Plaintiff also alleges that defendant Webb failed to "remedy the wrong" after having a violation brought to his attention. (Dkt. 22, pp. 25-26). Specifically, defendant Webb wilfully failed to follow the applicable statutes, rules, and policies governing the process. *Id*. at 26-27. Plaintiff asserts that defendant Webb "cannot appropriately discharge his supervisory duties, by merely mocking Plaintiff, deliberately failing to actually conduct an investigation and ultimately disregarding the seriousness of the allegations that [are] contained within Plaintiff's complaint." *Id*. at 26.

Plaintiff concedes that defendant Romanowski may properly delegate his duty to respond to a grievance. (Dkt. 54, pp. 32-33). Plaintiff states that his claim against defendant Romanowski has been misunderstood. He charges defendant Romanowski with "deliberately failing to fully exercise his review function" in that his "signature is on Plaintiff's Grievance that alleged Plaintiff's transfer was

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

retaliatory, as the reviewer." *Id*. at 33; Ex. 69a. Plaintiff asserts that defendant Romanowski was obligated to investigate the facts on which the grievance was based, which includes the sexual misconduct tickets and the civil rights complaint. *Id*. at 34. Plaintiff goes on to describe at considerable length how all the defendants conspired to violate his civil rights and to catalogue their violations of various policies and procedures. (Dkt. 54, pp. 39-45).

## III.   DISCUSSION

### A.   Standard of Review

#### 1.   Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502, F.3d 545, 548

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

(6th Cir. 2007), quoting, *Twombly*, at 1964-65 (citations and quotation marks omitted).

And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*, quoting, *Twombly*, at 1965 (internal citation and quotation marks omitted); *see also*, *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

*Twombly* also referred to "plausibility" as the measure of pleading sufficiency, stating that allegations must "nudge[ ] ... claims across the line from conceivable to plausible" to survive a motion to dismiss, but cautioned that it was not adopting or applying a "heightened pleading standard." *Id*. at 1974.  As one district court recently observed, the "plausibility" standard has caused some confusion and uncertainty in the federal courts.  *Interspan Distribution Corp. v. Liberty Ins. Underwriters, Inc*., 2008 WL 905354, *8 (S.D. Tex. 2008)*. The Third Circuit concluded that it is related to the requirement of a Rule 8 "showing," which only requires notice of a claim and its grounds, as opposed to a

21

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

pleader's bare averment that he wants relief and is entitled to it. *Interspan*, at *8,

citing, *Phillips v. Allegheny Co.*, 515 F.3d 224, 234 (3d Cir. 2008) (internal

citations and quotation marks omitted). "The Supreme Court's *Twombly*

formulation of the pleading standard can be summed up thus: 'stating ... a claim

requires a complaint with enough factual matter (taken as true) to suggest' the

required element." *Phillips*, 515 F.3d 224 at 234. The Second Circuit has

summarized *Twombly* as endorsing "a flexible 'plausibility standard,' which

obliges a pleader to amplify a claim with some factual allegations in those

contexts where such amplification is needed to render the claim plausible."

*Interspan*, at *8, quoting, *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007).

 The Sixth Circuit recently recognized that in *Erickson v. Pardus*, — U.S.

—, 127 S.Ct. 2197 (2007), "a case decided just two weeks after *Twombly*, the

Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983

claim against his captor is not required to state [s]pecific facts in their complaint;

and *Twombly* itself suggests that its holding may be limited to cases likely to

produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford*

*Motor Co.*, 532 F.3d 496, 503 n. 6 (6th Cir. 2008) (internal citations and quotation

marks omitted), citing, *Iqbal*, 490 F.3d at 157-158. The Sixth Circuit applied a

more stringent pleading standard in *U.S. v. Ford* because a fraud claim was

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2). Such is not the case here. Thus, when applying *Twombly*, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 127 S.Ct. at 2200 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

### 2. Summary judgment

Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the evidence and all reasonable inferences must be construed in favor of the nonmoving party. *Tanner v. County of Lenawee*, 452 F.3d 472, 477 (6th Cir. 2006). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for [his] motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

affidavits, if any,' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

B.    Invasion of Privacy

Plaintiff claims that defendant Kelley put his life in danger by revealing his history of sexual misconduct to another prisoner. And, plaintiff claims that defendants Woodard, Metzmaker, and McRoberts are liable for failing to take corrective action. Even taking plaintiff's claim as true as set forth in the amended complaint, he fails to state a claim. To the extent that plaintiff, as a prisoner in state custody, even has a constitutional right of privacy, it is narrowly limited to a circumstance where the information is released to persons having a propensity for violence and intimidation and where those persons are likely to take violent action. *Barber v. Overton*, 496 F.3d 449, 456 (6th Cir. 2007), citing, *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1063 n. 2 (6th Cir. 1998). The Sixth Circuit further held that "*Kallstrom* created a narrowly tailored right, limited to circumstances where the information disclosed was particularly sensitive and the persons to whom it was disclosed were particularly dangerous *vis-a-vis the plaintiffs*." *Barber*, 496 F.3d at 456 (emphasis in original). Here, plaintiff makes the bald assertion that the revelations of his sexual misconduct put him in danger, but offers no specific allegations or evidence to support his claim. Moreover, plaintiff

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

acknowledges that the revelation of his sexual misconduct merely "embarrassed"

him. (Dkt. 38, p. 10). Under these circumstances, plaintiff has failed to state a

claim and the undersigned recommends that the motion to dismiss plaintiff's

"invasion of privacy" claim by defendants Kelley, McRoberts, Metzmaker, and

Woodard, be granted.

C.    Access to Courts

Prisoners have a constitutional right of meaningful access to the courts to

attack their sentences or challenge conditions of confinement. *Lewis v. Casey*, 518

U.S. 343, 355 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To state a claim

under § 1983, the prisoner must allege that he was actually denied adequate access

to the courts. *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985). To state a claim

for denial of access to the courts, a prisoner must also demonstrate actual prejudice

to pending or contemplated litigation. *Lewis*, 518 U.S. at 351. Examples of actual

prejudice include having a case dismissed, being unable to file a complaint, and

missing a court-imposed deadline. *Id.*; *Walker v. Mintzes*, 771 F.2d at 932.

Plaintiff's complaint fails to allege that he was actually denied access to the

courts and he also simply fails to satisfy any test of prejudice. In support of his

claim, plaintiff offers a kite dated March 6, 2007 in which he claims that defendant

Woodard violated policy by not processing the mail in a timely fashion. *See*, Ex.

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

31a.  However, the evidence shows that the disbursement form was approved by defendant Woodard on March 2, 2007 and that the accounting office posted the disbursement and mailed the legal mail on March 6, 2007.  *See*, Ex. 32a.  As defendants point out, March 2, 2007 was a Friday and March 6, 2007 was a Tuesday.  (Dkt. 53, pp. 2-3).  Thus, plaintiff's legal mail was processed in a reasonably timely fashion.  More importantly, plaintiff makes no claim of prejudice.  In fact, plaintiff's "legal mail" was received and filed with this Court two days after it was processed by the correctional facility.  (Dkt. 1, p. 1).  Further, plaintiff makes no allegation that he missed any deadline or is in any way prejudiced by any delay, real or imagined, in the processing of his legal mail.  Thus, his claim for denial of access to the courts must fail.  The undersigned recommends that, based on plaintiff's failure to allege that he was denied access to the courts, defendants' motion to dismiss should be granted; or in the alternative, based on plaintiff's failure to allege or establish any prejudice stemming from the purported delay in the processing of his legal mail, that summary judgment be granted in favor of defendant Woodard.

      D.    <u>Retaliation</u>

     A retaliation claim has three elements: 1) the plaintiff engaged in protected conduct; 2) an adverse action was taken against the plaintiff that would deter a

26

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

person of ordinary firmness from continuing to engage in that conduct; and 3)

there was a causal connection between elements one and two, i.e., the adverse

action was motivated, at least in part, by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).  Plaintiff has

the burden of proving all three elements.  *Lewis v. Turner*, 16 Fed.Appx. 302 (6th

Cir. 2001).  Thus, plaintiff "must be able to prove that the exercise of the protected

right was a substantial or motivating factor in the defendant's alleged retaliatory

conduct."  *Id*., citing, *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429

U.S. 274, 287 (1977).  Moreover, a finding of guilt for the misconduct ticket based

on some evidence of a violation of prison rules essentially "checkmates" a

retaliation claim.  *Id*.; *see also*, *Bey v. Frechen*, 2006 WL 2632564 (W.D. Mich.

2006); *Coleman v. Gerth*, 2006 WL 2714959 (W.D. Mich. 2006).  As noted by

this Court, the Sixth Circuit's application of this rule has been "unwavering."

*Jones v. Barnett*, 2007 WL 522705 (E.D. Mich. 2007); *see e.g., Burton v. Rowley*,

2000 WL 1679463, *2 (6th Cir. 2000) (A finding of guilt based on some evidence

of a violation of prison rules "essentially checkmates [a] retaliation claim.").

    As defendant Kelley explains in his affidavit, plaintiff filed his grievance

against him on November 22, 2006.  (Dkt. 29, Ex. 3).  Defendant Kelley issued the

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

minor misconduct ticket for possession of contraband nearly four months later on March 9, 2007. *Id*. Policy Directive 04.07.112 defines "contraband" as follows:

> For purposes of this policy, contraband is any personal property which is not specifically authorized by this policy, authorized property which is in excess of allowable limits, authorized property which has been altered, authorized property which was obtained or sent from an unauthorized source, metered envelopes that reflect tampering, and, except for legal property as defined in Paragraph M, authorized property which belongs to another prisoner.

*See,* http://www.michigan.gov/documents/corrections/04_07_112_242484_7.pdf. The hearing officer concluded that plaintiff was guilty because he could provide no proof of purchase from another prison as he claimed (i.e., an authorized source) and because the chess pieces were altered from their original condition.[5] (Dkt. 29, Ex. 13, attachment A). Thus, the chess set was "contraband" within the meaning of Policy Directive 04.07.112. *Id*.

The undersigned suggests that satisfactory evidence exists establishing plaintiff's guilt sufficient to "checkmate" his retaliation claim. Further, the undersigned concludes that the delay of four months between the filing of the grievance and the issuance of the minor misconduct ticket does not suggest the

---

[5] The nature of the "alteration" is unclear from the record before the Court.

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

causal connection necessary to support a retaliation claim.  Finally, the undersigned suggests that, because there was no retaliation by defendant Kelley in issuing the misconduct ticket, there could be no "failure to correct" or supervisory liability imposed on any of the other defendants in this regard.  *See also*, *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (Where a defendant's "only role[] ... involve[s] the denial of administrative grievances or the failure to act ... [he or she] cannot be liable under § 1983.").   Thus, the undersigned recommends that the Court grant the motion for summary judgment submitted by all defendants regarding plaintiff's retaliation claims arising from the issuance of any misconduct tickets, or the denial of any grievances.

Plaintiff's claim of retaliatory transfer also fails.  Defendants offer evidence that plaintiff's transfer was the result of a routine transfer to make room for an incoming prisoner.  (Dkt. 29, Ex. 5; Dkt. 47, Ex. 4).  Defendant Kisor also attests that plaintiff was cleared by healthcare staff for the transfer.  (Dkt. 47, Ex. 4).  The Sixth Circuit has recently confirmed that, absent extraordinary circumstances, the mere transfer of a prisoner from one correctional facility to another would not deter a person of ordinary firmness from exercising his First Amendment rights. *Hix v. Tennessee Dep't. of Corrections*, 196 Fed.Appx. 350, 358 (6th Cir. 2006).

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

The Court approved the lower court's reliance on *Smith v. Yarrow*, 78 Fed.Appx. 529 (6th Cir. 2003), which held that the "transfer from one prison to another prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights." *Hix*, 196 Fed.Appx. at 358, quoting, *Smith,* 79 Fed.Appx. at 543 (internal quotation marks omitted); *see also, King v. Zamiara*, 150 Fed.Appx. 485, 494 (6th Cir. 2005); *Jewell v. Leroux,* 20 Fed.Appx. 375, 378 (6th Cir. 2001); *Friedmann v. Corr. Corp. of Am.*, 11 Fed.Appx. 467, 469-471 (6th Cir. 2001). The only limited exception is "where there are foreseeable consequences to the transfer that would inhibit the prisoner's ability to access the courts." *Hix*, 196 Fed.Appx. at 358, citing, *Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005). Where a prisoner alleges no such foreseeable consequences, the claim of retaliatory transfer must fail. *Id.*

Plaintiff alleges no facts that would arguably fall within this narrow exception to *Smith v. Yarrow* and his claim for retaliatory transfer must fail.[6] Further, the undersigned suggests that, because there was no retaliatory transfer by

_____

[6] To the extent that plaintiff claims that his medical care was inadequate as a result of his transfer, no such claim has been the subject of any grievance and is, therefore, not exhausted and barred by the PLRA.

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

those defendants involved in the transfer process, there could be no "failure to correct" or other supervisory liability imposed on any of the other defendants in this regard. Thus, the undersigned recommends that the Court grant the motion for summary judgment submitted by all defendants regarding the "retaliatory transfer."

E.    Qualified Immunity

The MDOC defendants also assert that they have qualified immunity because plaintiff "has not alleged facts to support a finding that any of the Defendants violated his constitutional rights" and because "there is no violation of a clearly established constitutional right."  (Dkt. 29, pp. 10-12; *see also*, Dkt. 47, pp. 14-16).  To determine whether an official is entitled to qualified immunity, the Sixth Circuit follows the two-part test set forth in *Saucier v. Katz*, 533 U.S. 194, 201 (2001) :

> First we must determine whether, taken in the light most favorable to the party asserting the injury, the facts alleged are sufficient to make out a violation of the Constitution.  "**If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity**."  If, however, "a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established."

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

*Greene v. Barber*, 310 F.3d 889, 894 (6th Cir. 2002), quoting, *Saucier*, 533 U.S. at 201 (internal citations omitted, emphasis added); *see also, Charvat v. E. Oh. Reg'l Wastewater Auth.*, 246 F.3d 607, 616 (6th Cir. 2001) ("First, the court must ask whether the plaintiff in the civil action has demonstrated the violation of a constitutionally protected right.").  As set forth above, the undersigned has concluded, viewing the facts in the light most favorable to plaintiff, that the conduct of defendants has not violated any of plaintiff's constitutional rights. Thus, the undersigned suggests that no qualified immunity analysis is necessary.

## IV.    RECOMMENDATION

Based on the foregoing, the undersigned recommends that the District Court **GRANT** defendants' motions to dismiss and/or for summary judgment, as set forth above, and **DISMISS** plaintiff's complaint **WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not exceed 20 pages in length unless such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order.  If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: August 22, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on <u>August 22, 2008</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>Christine M. Campbell</u>, and I hereby certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: <u>Qurtis Williams, # 265055, 293 Auburn Avenue, Pontiac, MI 48342</u>.

<u>s/James P. Peltier</u>   
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

34

Report and Recommendation
Defendants' Motions to Dismiss and for Summary Judgment
*Williams v. Kelley, et al*; No. 07-10999